IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JESSIE WILLIAMS,

                    Plaintiff,

    v.

L.T. BRAEMER and NURSE GORSKI

                    Defendants.

ORDER

11-cv-52-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this proposed civil action for monetary relief brought pursuant to 42 U.S.C. § 1983, plaintiff Jessie Williams contends that defendants L.T. Braemer and Nurse Gorski violated his rights under the Eighth Amendment by using gas on him and refusing to treat his serious medical need. Plaintiff is proceeding under the <u>in forma pauperis</u> statute, 28 U.S.C. § 1915. In a previous order, I concluded that plaintiff is unable to prepay even a partial payment of the fee for filing this lawsuit.

      Because plaintiff is a prisoner, I am required by the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In

1

addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). After reviewing the complaint, I conclude that it must be dismissed without prejudice because it violates Fed. R. Civ. P. 8. I will give plaintiff an opportunity to submit an amended complaint that provides more information to support his claims.

Also before the court is plaintiff's motion to appoint counsel, dkt. #5. Because it is not clear whether plaintiff will be able to proceed on any of his claims, I will deny this motion without prejudice.

In his complaint, plaintiff alleges the following facts.


ALLEGATIONS OF FACT

Plaintiff is an inmate at the Waupun Correctional Institution and suffers from asthma. On December 21, 2009, defendant L.T. Braemer used gas on plaintiff and put him in a "cool" cell. Braemer knows that plaintiff has asthma. On March 15, 2010, plaintiff told defendant nurse Gorski that he needed to be hospitalized because he was having pain. Gorski refused to send plaintiff to the hospital.


OPINION

Plaintiff states that he is raising claims under the Eighth Amendment against

2

defendants Braemer and Gorski. Unfortunately, I cannot determine whether plaintiff has stated a claim on which relief may be granted against either defendant because he has not provided enough information about his medical condition, the harm he suffered from defendant Braemer's actions and the interaction he had with defendant Gorski.

Fed. R. Civ. P. 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." The primary purpose of this rule is rooted in fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." Vicom, Inc. v. Harbridge Merchant Services., Inc., 20 F.3d 771, 775 (7th Cir. 1994).

### A. Defendant Braemer

To state an Eighth Amendment against a prison official, plaintiff must allege that (1) he faced a "substantial risk of serious harm" and (2) the prison official identified acted with "deliberate indifference" to that risk. Farmer v. Brennan, 511 U.S. 825, 833 (1994); Brown v. Budz, 398 F.3d 904, 909 (7th Cir. 2005). Plaintiff alleges that he suffers from asthma, that defendant Braemer knew he suffered from asthma and that Braemer gassed plaintiff and put him in a cool cell. However, plaintiff does not allege that he suffered any harm from being gassed or being placed in a cool cell. Without more information about the event, I cannot determine whether the gas or cell temperature posed a substantial risk of serious

3

harm to plaintiff of which Braemer should have aware.

### B. Defendant Gorski

Related to prison officials' duty to protect prisoners from serious harm, prison officials have a duty under the Eighth Amendment to provide medical care to those being punished by incarceration. Snipes v. DeTella, 95 F.3d 586, 590 (7th Cir. 1996) (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)). To state an Eighth Amendment medical care claim, a prisoner must allege facts from which it can be inferred that he had a "serious medical need" and that prison officials were "deliberately indifferent" to this need. Estelle, 429 U.S. at 104; Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997).

A medical need may be serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering when treatment is withheld, Gutierrez, 111 F.3d at 1371-73, "significantly affects an individual's daily activities," Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998), causes pain, Cooper v. Casey, 97 F.3d 914, 916-17 (7th Cir. 1996) or otherwise subjects the prisoner to a substantial risk of serious harm, Farmer, 511 U.S. at 847.

"Deliberate indifference" means that the officials were aware that the prisoner needed medical treatment, but disregarded the risk by failing to take reasonable measures. Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997).

4

Thus, under this standard, plaintiff's claim has three elements:

(1) Did plaintiff need medical treatment?

(2) Did defendant know that plaintiff needed treatment?

(3) Despite defendant's awareness of the need, did defendant fail to take reasonable measures to provide the necessary treatment?

Plaintiff alleges that he has asthma. Asthma "can be, and frequently is, a serious medical condition, depending on the severity of the attacks." Board v. Farnham, 394 F.3d 469, 484 (7th Cir. 2005); see also Garvin v. Armstrong, 236 F.3d 896, 898 (7th Cir. 2001) ("Asthma, depending upon its degree, can be a serious medical condition."). I can infer that defendant Gorski was aware of plaintiff's medical condition and need for treatment.

However, plaintiff has not pleaded enough facts from which it can be inferred that defendant Gorski was deliberately indifferent to plaintiff's medical need. Plaintiff alleges only that he told Gorski to send him to the hospital and she refused. A medical professional cannot be held liable for a constitutional violation merely because he or she refuses to provide the treatment that a prisoner demands. On the other hand, it is not clear whether Gorski provided any treatment at all to plaintiff. Thus, plaintiff needs to supply more information about his interaction with Gorski, including his symptoms at the time, whether Gorski was aware of his symptoms and whether Gorski offered any alternative treatment to plaintiff.

5

C. Conclusion

I will give plaintiff an opportunity to file an amended complaint that complies with Fed. R. Civ. P. 8 and provides more information about his claims. However, plaintiff should be aware that his complaint likely violates Fed. R. Civ. P. 20, which prohibits a plaintiff from including separate claims against separate defendants in a single suit. Plaintiff may join separate claims in a single lawsuit only if they are asserted against the same defendant, Fed. R. Civ. P. 18, or if the allegations "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20; George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff's claims against Braemer and Gorski do not appear to arise from the same occurrence or series of occurrences. If plaintiff believes that his claims are sufficiently related to satisfy Rule 20, he should explain that in his amended complaint.

Finally, I will deny plaintiff's motion to appoint counsel as premature. It is not clear at this time whether plaintiff will be granted leave to proceed on any of his claims. If plaintiff files an amended complaint, he may renew his motion for appointment of counsel.

ORDER

IT IS ORDERED that

1. Plaintiff Jessie Williams's motion for appointment of counsel, dkt. #5, is DENIED

6

without prejudice to him renewing his motion at a later date.

2. Plaintiff's complaint is DISMISSED without prejudice for plaintiff's failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until February 23, 2011 to file an amended complaint that complies with Rule 8. If plaintiff does not file an amended complaint by that date, the clerk of court is directed to close the case.

Entered this 10th day of February, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

7